IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODI ANN CHUTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-877 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 19th day of September, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's argument that the Administrative Law Judge ("ALJ") erred in finding her not to be disabled centers largely around her claim that the Appeals Council should have considered

the hundreds of pages of new evidence she submitted after the ALJ issued her decision and remanded the matter back to the ALJ. The Court finds no merit to this argument, or to the other arguments raised by Plaintiff, and, instead, finds that substantial evidence supports the ALJ's decision.

About a month and a half after the ALJ issued her December 1, 2020 decision, Plaintiff submitted a substantial amount of additional evidence to the Appeals Council, asking the Council to remand the case to the ALJ to reconsider her decision in light of this evidence. (R. 56-304). In general, this new evidence was comprised of treatment notes from UMPC Centers for Rehab Services-McKeesport for physical therapy that occurred between November 2020 and January 2021, and an Occupational Therapy Functional Assessment performed on December 14, 2020. Plaintiff argues that the Council erred in failing to find that this evidence merited remand and that, therefore, reversal is warranted here. The Court disagrees.

The Court first notes that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011). Accordingly, the Court cannot rely on any records that were not part of the administrative record upon which the ALJ based her decision in making its determination here. It can, though, consider whether this new evidence demonstrates the need for the case to be remanded under Sentence Six of 42 U.S.C. § 405(g), which provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

To remand a case based on new evidence which was not before the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. *See Matthews*, 239 F.3d at 594; *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984). Plaintiff cannot meet this burden.

The Court will assume that all of the evidence submitted by Plaintiff to the Appeals Council is "new" in the sense that it is not merely cumulative of what is already in the record. However, none of it is material. The physical therapy notes merely document ongoing treatment and medication and, if anything, suggest continued improvement in Plaintiff's condition. As for the functional capacity analysis, the Court notes that it was completed after the ALJ's decision and that "[a]n implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or

of the subsequent deterioration of [a] previously non-disabling condition," *Szubak*, 745 F.2d at 833; *see also Rainey v. Astrue*, Civ. No. 11-125-E, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012). It is questionable whether an assessment based on testing performed on December 14 could be material to the December 1 decision. However, given that the assessment was completed less than two weeks later, arguably it could relate back to the relevant period. In any event, the assessment is, for the most part, consistent with the residual functional capacity ("RFC") as formulated by the ALJ. Indeed, both the assessment and the RFC determination by the ALJ found that Plaintiff could perform at least a limited range of sedentary work. (R. 20, 109, 115). The Court further notes that the record already contains a number of medical opinions as to Plaintiff's functionality, all of which contain considerably less restrictive conditions than what is contained in the RFC crafted by the ALJ. As such, there is not a reasonable possibility that the assessment would have changed the outcome of the determination.

Moreover, no good reason has been offered for failing to schedule the appointment for the Occupational Therapy Functional Assessment earlier so as to make it available to the ALJ when she rendered her decision. In fact, it appears that the assessment may even have been performed *in response* to the ALJ's unfavorable decision, as there is no mention at the hearing that Plaintiff had scheduled or was waiting on such an assessment. Such "sand-bagging" does not constitute good cause to support a Sentence Six remand. *See Glover v. Comm'r of Soc. Sec.*, No. 1:09-cv-520, 2010 WL 2671291, at *5 (W.D. Mich. June 10, 1010) ("The sentence six 'good cause' requirement is not met by the solicitation of a medical opinion to contest the ALJ's decision.") (*citing Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997), and *Koulizos v. Secretary of Health and Human Servs.*, No. 85-1654,1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)). Accordingly, even if assessment was material – which it was not – the Court finds that a "new evidence" remand is not warranted here.

Plaintiff's other arguments fare no better. The ALJ found that, given Plaintiff's RFC of a limited range of sedentary work, she was able to perform her past relevant work as an account clerk. (R. 24). In so finding, the ALJ adopted the opinion of the vocational expert ("VE") that Plaintiff could perform the account clerk job she performed at Comcast from 2005 through 2015 prior to a change in the job that occurred in 2008 that required additional lifting inconsistent with her RFC. (R. 49-52). Plaintiff contends that, although the nature of the account clerk job she performed did change around 2008, the job should be considered as a single job that she cannot perform and that is now obsolete. There are several problems with this argument. First, the VE testified, and the ALJ found, that Plaintiff could perform the account clerk position not only as she had actually performed it, but as it is generally performed in the national economy. (R. 24, 50). Such a finding is sufficient to satisfy a finding that the claimant can perform past work at Step Four of the sequential analysis. *See* 20 C.F.R. § 404.1560(b)(2); *Diaz v. Comm'r of Soc. Sec.*, 440 Fed. Appx. 70 (3d Cir. 2011); S.S.R. 82-61, 1982 WL 31387 (S.S.A. 1982).

Moreover, Plaintiff's contention that the job as she performed it prior to 2008 is obsolete fails because there is no requirement that a claimant's prior position actually be available to satisfy a finding that the claimant can perform past work. *See Debelak v. Berryhill*, No. 1:16-cv-02782, 2017 WL 6372571, at *8 (N.D. Ohio Nov. 14, 2017). Moreover, even though Plaintiff argues, without citing any authority, that her account clerk position at Comcast must be

3

considered one continuous position, there is nothing in the Social Security Administration's regulations that compel this.  The evidence is clear that the nature of the work Plaintiff performed in that position changed in 2008, and the VE clearly delineated between her ability to perform the work before and after the position changed.  Therefore, the Court finds that the ALJ's finding that Plaintiff could perform her past relevant work both as actually performed and as generally performed is supported by substantial evidence.

The remainder of Plaintiff's argument essentially amounts to a request for the Court to reconsider the record evidence.  However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision."  *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  In this case, the ALJ's RFC finding was particularly well supported by the record. As noted above, the RFC crafted by the ALJ is more restrictive than that to which any medical expert opined.

As a final note, Plaintiff argues that, because of her substantial work history, her testimony was entitled to substantial credibility.  The Third Circuit Court of Appeals has indicated that an ALJ should consider affording substantial credibility to a claimant's testimony about her work capabilities when the claimant has worked for a long period of time.  *See Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Taybron v. Harris*, 667 F.2d 412, 415 n. 6 (3d Cir. 1981); *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984).  However, an ALJ does not err by failing to afford a claimant heightened credibility based *solely* on her work history.  *See Corley v. Barnhart*, 102 Fed. Appx. 752, 755 (3d Cir. 2004).  There generally must be other factors, such as evidence of severe impairments or attempts to return to work, for a claimant to be entitled to heightened credibility.  *See id.*; *Shore v. Kijakazi*, No. CV 20-1169-SRF, 2022 WL 782701, at *10 (D. Del. Mar. 15, 2022); *Hodnett v. Saul*, No. CV 2:18-1074, 2019 WL 3778383, at *5 (W.D. Pa. Aug. 12, 2019); *Polardino v. Colvin*, No. CIV.A. 12-806, 2013 WL 4498981, at *5 (W.D. Pa. Aug. 19, 2013) (holding that "a claimant's work history alone is not dispositive of the question of her credibility, and an ALJ is not required to equate a long work history with enhanced credibility.").  It is more significant that the ALJ base his or her credibility determination on a broad view of the record and that the finding be supported by substantial evidence.  *See Sanborn v. Comm'r of Soc. Sec.*, 613 Fed. Appx. 171, 177 (3d Cir. 2015).

Here, there is no evidence in the record of any additional factors, such as severe impairments or attempts to return to work, that would warrant a finding of heightened credibility. Indeed, the ALJ discussed at significant length why she found that Plaintiff's subjective complaints were not consistent with the objective medical evidence and her treatment history and activities of daily living.  Moreover, the ALJ was clearly well aware of Plaintiff's work history – her work history was discussed at length during hearing, with the ALJ acknowledging that she was aware that Plaintiff had worked at Comcast for more than 10-11 years under consideration.  (R. 39-42, 49-52).  *See Rinier v. Berryhill*, No. CV 17-125, 2018 WL 3574941, at **4-5 (W.D.

Pa. July 25, 2018) (finding the ALJ "clearly was aware of" claimant's work where the ALJ calculated quarters of coverage, discussed whether claimant could perform past relevant work, referenced claimant's past jobs, and heard testimony concerning past work).

      Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings. It further finds that the new evidence proffered by Plaintiff does not justify a Sentence Six remand. The Court will therefore affirm.

      Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 19) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 21) is GRANTED as set forth herein.

                                        s/Alan N. Bloch
                                        United States District Judge

ecf:        Counsel of record